IN THE MATTER OF THE ESTATE OF JEPTHA H. SIMPSON, Deceased; JANE LEAHY AND JOHN W. STRAAT, Appellants, v. J. H. SIMPSON, Administrator, Appellant.

**St. Louis Court of Appeals, November 28, 1899.**

1. **Probate Court:** PARTIAL PAYMENT OF ALLOWANCE: JUDGMENT FROM CIRCUIT COURT. After judgment is obtained in the circuit court all that either the probate or circuit court can do in the matter is to direct the same per cent of the face value of such judgment to be paid, which had been paid under the previous orders of the court, upon previously allowed demands of the same class.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft*, Judge.

REVERSED AND REMANDED. Judge *Biggs* dissents.

*R. M. Nichols* for appellant-administrator.

Appellants aver in their petition that other claimants have
been paid under orders of the probate court, and that the ad-
ministrator has reserved funds "a sum equal to the per cent
already paid to other claimants" and pray that appellants may
have an order directing the administrator to pay them "an
amount equal to the amount heretofore paid by said adminis-
trator on other claims heretofore allowed." Appellants ask
that their claims be dealt with as others, and in order that this
be done their rights must be measured by exactly the same
measure. The same exactness with them as with others is
consistent with justice, and nothing short of it would be just
to either appellants or the other creditors. The orders of the
probate court are based upon the theory of partial payments,
and this rule is the well settled law of the state governing the
partial payment of claims proven against an estate. It was
stated in 1851, by the supreme court in the following terse
language: "Interest is first to be calculated on the plaintiff's
demand up to the first partial payment, then add the interest
to the principal and deduct the payment therefrom; then cast
the interest on the remainder to the second payment, add the
interest to the remainder and deduct therefrom the second
payment; and so on until the last partial payment." Rainey
v. Hill, 14 Mo. 500; State to use, etc., v. Shaw, 1 Mo. App.
519; Estate of McCune, 76 Mo. 206.

*John N. Straat* for claimants.

(1) The court below erred in admitting on behalf of the
estate incompetent evidence. (2) The court below erred in
its mode of ascertaining the *pro rata* amount to which claim-
ants were entitled. (3) The court below erred in not giving
to claimants an amount to which, under the law and the evi-
dence, they were entitled.

BOND, J.—This is a cross appeal from a judgment of the circuit court providing for the payment by the administrator of a certain per cent of two judgments against him as such, which judgments had been certified to the probate court for allowance and classification in the fifth class of demands after the administrator under the orders of that court had paid the same per cent, to wit, 38 1-2 per cent, of the demands previously allowed in that class. The judgments in question were $11,096.04 in favor of J. N. Straat, trustee, dated April 9, 1898, and $4,595.14 in favor of Jane Leahy, dated April 12, 1898. Both had been certified to the probate court April 20, 1898. On an appeal from an order of that court as to equalization of payment of said judgments with the payments theretofore ordered on previously allowed demands in the same class, the learned circuit judge adopted a method of ascertaining two sums which at the rate of interest borne by the said judgments, calculated from the date of the second order made by the probate court for the partial payment of allowed demands in that class, would have amounted to the respective judgments on the date of their rendition. The learned judge thereupon adjudged that the same per cent of the *two sums* thus ascertained should be paid by the administrator as that which had been paid by him under the orders of the probate court for the payment of other previously allowed demands of the same class.

We have been unable to find any statute or decision which justifies the adoption of this plan. The demands merged in the two judgments were not in a condition to be allowed against the estate until the just amount of each was fixed by a final judgment. After the obtention of such judgments all that either the probate or circuit court could do in the matter would be to direct the same per cent of the face value of said judgments to be paid which had been paid under the previous orders of the court upon previously allowed demands of the same

class. Whether this course would result in an ideal equality of payment of the two judgments as compared with other demands, is not material. It was the only practicable one to pursue. For the law does not permit the two judgments which constituted the *sole basis* for an allowance of the demands evidenced by them to be disregarded as the basis for an order of payment directed against the administrator, nor to be disregarded as the just measure of the claimants' demands against the estate. Moreover, by paying the same proportion of the face value of the two judgments which had been previously paid on the face value of other allowed demands, substantial equality is preserved to all the creditors of the estate. For the holders of the two judgments while not receiving their dividends as soon as other claimants, do receive a dividend upon sums which have been increased by interest during the delay necessary to the establishment of their demands, and the other creditors though not receiving a dividend on the interest which might have accrued on their respective claims if their allowance had been postponed to the date of the rendition of the judgments, yet did receive such dividends at a much earlier period and have since enjoyed the interest value of such dividends. By this plan no injustice is done and each creditor of the estate receives the same proportion of its assets to which he was entitled at the time his demand was established by law.

The judgment in this case is reversed and the cause remanded, to be tried in conformity with the views expressed in this opinion. It is so ordered.

Judge *Bland* concurs; Judge *Biggs* dissents.